[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Stetson, was married to the defendant at Port Royal, South Carolina on April 9, 1983.
She has resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife during the course of the marriage. Both of the children are issue, to wit: Heather Lynn Darby, born November 7, 1983; and William Enoch Darby, born October 30, 1986.
From the evidence presented, the Court finds that the marriage has broken down irretrievably, there is no hope for any reconciliation and a decree of dissolution is entered.
The focus of this proceeding, which took almost five days of trial, was custody and visitation. Both of the parties, assisted by extremely capable counsel, argued very persuasively their respective positions as to why they should be awarded sole custody of the children. At the outset, the Court is compelled to indicate that it finds both parties are adequate parents. They have weathered over two years of a rather tempestuous and rocky road, but have appeared to have CT Page 6656 emerged as better parents. Both have learned from their mistakes and have been assisted by a battery of social and psychological workers.
The wife has made significant progress over the past two-and-a-half years. In 1990, she was despondent and fearful about her husband having any contact with the children. She made many allegations of child abuse by her husband. The Court finds these allegations baseless and unsubstantiated. There was no credible evidence upon which the Court could conclude that the father has sexually molested the children. This is not to say, however, that the Court finds that the mother lied. From the information she received, she had a legitimate concern about the welfare of the children. This was her perception from what she observed.
The Court need not recite in detail the testimony of the many witnesses which were called. Suffice it to say that the Court concludes, as indicated previously, that counseling has greatly assisted the parties.
The Family Relations report was completed one year prior to the trial. The Court is acutely aware that this report and two counselors recommend that father be the custodial parent. These are tools upon which the Court heavily relies. This reliance, however, should not be blind. To do so, would be an abdication of the Court's function to weigh all of the evidence.
The Court, having reviewed in great detail its notes and the reports submitted as exhibits, finds that it is in the best interests of the children that the mother continue to be the custodial parent. She has finally come to terms with her husband's exercising unsupervised visitation. The passage of time has been a positive factor in this respect.
The husband is an enlisted Navy man, who has also worked very hard in building a relationship with his children. The children do not suffer in any way whey they are with him. It appeared to the Court that he felt angry and victimized in that he was denied normal access to his children. The Court is certainly sympathetic and understanding of his feelings. They are, to a great extent, CT Page 6657 justified.
Hopefully, with the divorce finally settled, these parties will be able to set aside their animosity and fears of each other and concentrate on jointly assisting their children in fashioning a normal life.
As the Court previously indicated, the financial picture and the cause of the breakdown took second billing to the issue of custody and visitation.
The wife testified that the husband accused her of having sex with his friends while he was on sea duty. Further, there was constant harassment by the husband. She also felt that there was never any recognition for a job well done. She further testified that her husband hit her so hard, because she refused to have sex with him, that she split her lip.
He alleges that she was an alcoholic and suicidal and that this was the cause of the breakdown of the marriage.
Given all of the circumstances of this case, the Court cannot, with any degree of certainty, find that one party was more responsible than the other for the breakdown.
Both of the parties are in fairly good health, although the wife has had and has psychological problems.
The husband has approximately two years of college credits and the wife has about two-and-a-half years of credit.
Presently, the wife is self-employed as a float nurse at Westerly Hospital and grosses approximately $228 per week. He is in the Navy and shows a gross weekly income with various allowances of $668.
Having considered the various statutory criteria and all of the evidence, the Court further finds and orders as follows:
(1) Custody of the minor children shall vest with the mother, and father shall have the following rights of visitation: CT Page 6658
 (a) Three weekends per month from Friday after school to Sunday at 6:00 p. m.
 (b) Summer visitation for five weeks.
 (c) All other visitation as specified in the Family Relations recommendation C, D and F (see Children's Exhibit #1).
(2) Father shall pay to the mother, as support for the minor children, the sum of two hundred and twenty dollars per week, which sum is substantially in accordance with the guidelines. This sum shall be paid by military allotment.
(3) Twenty-five percent of the defendant's Navy pension is to be assigned to the plaintiff when it is received.
(4) Neither party is awarded periodic alimony.
(5) Each of the parties shall pay 50 percent of the balance of the counsel fees for the minor children. Payment shall be made as follows:
(a) All of the money held in the children's names shall be forthwith utilized to reduce the balance owed and each party thereafter shall pay the sum of $100 per week until the balance is paid in full.
(6) Each of the parties will pay for the liabilities listed in their respective financial affidavits and shall indemnify and hold the other harmless thereon.
(7) The husband shall, within ninety days, pay to the wife the sum of $4,000 as an allowance to prosecute.
(8) Each of the parties shall maintain medical and dental insurance for the benefit of the minor children as available through their employment. All unreimbursed medical and dental expenses shall be divided equally. These orders are pursuant to the provisions of Connecticut General CT Page 6659 Statutes 46b-84 (c).
(9) The mother will take the dependent exemption for the oldest child and the father shall claim the youngest child.
(10) Except as otherwise provided herein, all of the property in the possession of either party, shall remain the sole and exclusive property of said party.
Mihalakos, J.